IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Clayton C. Martin, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:08cv1254 (TSE/TRJ) |
| | ) | |
| Gene M. Johnson, | ) | |
|     Respondent. | ) | |

## MEMORANDUM OPINION

Clayton C. Martin, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of first degree murder and other offenses entered on a jury verdict in the Circuit Court for the City of Lynchburg, Virginia.[1] Respondent has filed a Rule 5 Answer and Motion to Dismiss with a supporting brief and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. For the reasons that follow, petitioner's claims must be dismissed.

---

[1] Petitioner currently is confined in the Eastern District of Virginia, and the conviction he challenges occurred in the Western District of Virginia. Venue for a habeas corpus action is proper in either a prisoner's district of confinement or his district of conviction. 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 497 (1973); see, e.g., Rogers v. Wood, 241 F. App'x 110 (4th Cir. July 11, 2007). Thus, in an exercise of its discretion and furtherance of justice, the district of confinement may transfer the petition to the district of conviction. 28 U.S.C. § 2241(d); see also 28 U.S.C. § 1404(a). When a habeas application is directed to the petitioner's underlying conviction, the district of conviction often is the more convenient and appropriate venue under § 2241(d), because of the accessability of evidence, records and witnesses. See Eagle v. Linahan, 279 F.3d 926, 933 n. 9 (11th Cir. 2001); Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal.1968). Here, however, respondent has replied to the petitioner's claims and has supplied appropriate state court records without apparent difficulty, so the Court will exercise its discretion to adjudicate the petition on the merits.

## I.

On November 22, 2005, a jury in the Circuit Court for the City of Lynchburg convicted Martin of first-degree murder, use of a firearm in the commission of a murder, and maliciously shooting at an occupied vehicle. On January 10, 2006, Martin also was convicted of possession of a firearm by a convicted felon. Commonwealth v. Martin, R. No. CR05016650-00-03. Resp. Ex. 1. The opinion of the Virginia Court of Appeals issued on petitioner's direct appeal reflects the following underlying facts:

> Appellant, who was married to another woman, was romantically involved with Jamishia Jackson. On the evening of January 9, 2005, appellant visited Jackson at her apartment. Jackson's friend, Nicola Payne, was also present. Payne testified she believed appellant had a gun with him at that time because he showed Payne some bullets.
>
> According to Payne, appellant asked Jackson 'something about a guy that wears a camouflage jacket.' She stated, 'We didn't know who he was talking about, but - he - got upset because we didn't know who he was talking about ... [and] he stormed out the door.' As he was leaving, appellant told Jackson, 'Let me get the f__ out of here before I go off.'
>
> Appellant lived with his wife in Jackson's apartment building. Approximately ten minutes after his departure, Payne and Jackson went outside to smoke marijuana in Payne's parked car. Appellant was 'walking around' in the parking lot. He approached the passenger side of Payne's car and spoke to Jackson through a partially opened window.
>
> According to Payne, Jackson and appellant spoke to each other with raised voices and swearing at each other. She stated appellant and Jackson often argued and were verbally abusive to each other. When appellant turned to walk away from the car, Jackson called him a 'black motherfucker.' Appellant turned around and pulled a gun out of his pants as he approached the car, stating, 'Don't make me pull this pistol out on you.' Appellant then aimed the gun at Jackson and fired. Afterward, appellant cried out, 'Oh, my God, I shot her!'

> Lawrence Faulkner, who also lived in Jackson's apartment building, was sitting on the apartment building steps when the shooting occurred. He saw appellant walk away from Jackson's car and then turn around in response to something Jackson said to him. According to Faulkner, appellant said, 'Bitch, I'll kill you,' and walked toward the car and fired his gun. After appellant fired, he ran back to the car and said, 'I killed my baby.'
>
> Appellant testified that he fired the gun by accident. He admitted, however, he could not fire the gun without first bringing back the hammer and then pulling the trigger. He stated he was standing six to seven feet from Jackson at the time he fired the gun.

Martin v. Commonwealth, R. No. 0871-06-3 (Va. Ct. App. Oct. 24, 2006). Resp. Ex. 4 at 1-2.

On March 10, 2006, Martin was sentenced to serve a total of 55 years incarceration, with three (3) years suspended. Resp. Ex. 1.

Martin pursued a direct appeal, raising the sole claim that the trial court erred in failing to grant his motions to strike the Commonwealth's evidence, made first at the close of the Commonwealth's case and then again after all the evidence, on the ground that the evidence showed that appellant was guilty, at most, of an accidental shooting. The Virginia Court of Appeals rejected petitioner's argument and determined that "the evidence was sufficient to support appellant's conviction for murder in the first degree." Martin v. Commonwealth, supra at 4. On April 2, 2007, the Supreme Court of Virginia refused Martin's petition for appeal. Martin v. Commonwealth, R. No. 062376 (Va. Apr. 2, 2007). Resp. Ex. 6.

Martin next pursued a petition for a writ of habeas corpus in the Supreme Court of Virginia, claiming that he received ineffective assistance of counsel when his lawyer failed to convey a plea offer to him until after he had been tried and convicted. Resp. Ex. 7. The court dismissed the petition on September 24, 2008, finding that Martin's claim was without merit. Martin v. Warden, Sussex

3

II State Prison, R. No. 357328 (Va. Sept. 24, 2008). Resp. Ex. 9. On November 17, 2008, Martin filed the instant federal habeas petition,[2] raising the following claims:

1. His court-appointed trial counsel was constitutionally ineffective for failing to inform him of a plea deal offered by the Commonwealth.

2. The court's decision not to hold an evidentiary hearing in his state habeas corpus proceeding was unreasonable.[3]

On February 13, 2009, respondent filed a Rule 5 Answer to the petition, as well as Motion to Dismiss Martin's claims with a supporting brief and exhibits. Martin filed a response on March 23, 2009. Accordingly, this matter is now ripe for review.

## II.

Martin's contention that his state habeas corpus proceeding was unfair because no evidentiary hearing was held is not a cognizable predicate for § 2254 relief. This follows from the well-established principle that the scope of federal habeas review is limited to federal constitutional or statutory questions; federal habeas review does not extend to reexamination of a state court's interpretation and application of a state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). Therefore, there is no basis for federal habeas review where, as here, a petitioner claims that denial of an evidentiary hearing in a Virginia

---

[2] A habeas corpus petition submitted by an incarcerated pro se litigant is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Martin declared under penalty of perjury that he placed his petition in the prison mailing system on November 17, 2008. Pet. at 8.

[3] Martin does not list a second claim for relief on the face of his form § 2254 petition, but he includes such an argument at pages 6 - 7 of the "Statement of the Case and Facts" he has appended to the form petition.

4

state habeas corpus proceeding violated state law. Wright, 151 F.3d at 157; see also, Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (holding that claims of errors or irregularities in state postconviction proceedings are not cognizable on federal habeas corpus review). Accordingly, Claim 2 of this petition states no claim for federal habeas corpus relief, and must be dismissed.

### III.

Martin's second claim - the alleged ineffectiveness of his trial counsel - has been exhausted, as required by 28 U.S.C. § 2254,[4] and hence must be reviewed here on the merits. And where, as here, a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that

---

[4]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a § 2254 applicant must first have presented the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

5

the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV.

In his sole cognizable claim before this Court, Martin argues that he received ineffective assistance of counsel because his attorney informed him of a plea deal offered by the Commonwealth only after Martin had been tried and convicted. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

When Martin raised the same claim he makes in this federal petition in his state habeas corpus proceeding, the Supreme Court of Virginia rejected Martin's argument on the following holding:

> Petitioner contends that after he was convicted, counsel told petitioner that he had received an offer for petitioner to plead guilty to manslaughter and that counsel believed he had made a mistake by not presenting the offer to petitioner.
>
> The Court holds that claim (1) satisfied neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record including the affidavits of both trial counsel and Senior Assistant Commonwealth's Attorney Janell Johnson, demonstrates that counsel sought and was denied a plea agreement with the Commonwealth's Attorney's office, which made no offer to petitioner. Petitioner provides no evidence to verify his contention that such an offer was made. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged

7

errors, the result of the proceeding would have been different.

Martin v. Warden, supra; Resp. Ex. 9.

Review of the record on file with this court reveals that the foregoing determination was factually reasonable. In the habeas proceeding before the Virginia Supreme Court, the respondent's motion to dismiss was supported by the affidavits of both Martin's trial counsel and the prosecutor assigned to his case. Gregory W. Smith, Esquire, Martin's trial counsel, attested that:

> Martin's allegations that a plea agreement was offered was incorrect, there was no plea agreement ever offered.
>
> * * *
>
> The undersigned does hereby swear that upon complete review of his file no plea agreement was ever offered or received. The undersigned does also hereby swear that he requested a plea agreement early in the proceedings, the exact date being unknown, and was told verbally that no plea agreement would be made in the case because of the seriousness of it and the strength of the Commonwealth's evidence.

Martin v. Warden, Motion to Dismiss, Resp. Ex. 1.

Similarly, Janell R. Johnson, a Senior Assistant Commonwealth's Attorney for the City of Lynchburg who prosecuted Martin's case, attested:

> To the best of my recollection, at no time was a written plea agreement offer extended to Mr. Martin through his attorney of record. After extensive review of our file, no copy of any written plea offer can be located. In addition to the requirements set forth in Rule 3A:8(c)(2) of the Rules of the Virginia Supreme Court, it is our general office policy to formalize plea offers in writing with set expiration dates. To the best of my knowledge, we did not deviate from this policy on this case.

Martin v. Warden, Motion to Dismiss, Resp. Ex. 2.

As the Virginia Supreme Court noted, Martin provided no probative evidence to verify his contention that a plea offer was made. Under such circumstances, the Virginia Supreme Court's

factual conclusion that the Commonwealth made no plea offer to Martin was reasonable. That being so, the Court's rejection of Martin's claim that counsel provided ineffective assistance by failing to convey a plea offer to him was a reasonable application of the controlling <u>Strickland</u> principles upon which the Court expressly relied. Consequently, federal habeas corpus relief likewise is not available for that claim, <u>Williams</u>, 529 U.S. at 412-13, and respondent's motion to dismiss must be granted.

V.

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this __4th__ day of __August__ 2009.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

9